UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NEW ORLEANS ILA PENSIONERS ASSOCIATION, LLC | * | CIVIL ACTION |
| VERSUS | * | NO. 08-1625 |
| LORNA SILLS KATICA, AND KATICA LAW GROUP, LLC | * | SECTION "L"(1) |

## ORDER & REASONS

Pending before the Court is Plaintiff's Motion to Remand (Rec. Doc. No. 9). For the following reasons, Plaintiffs' Motion to Remand is hereby GRANTED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2004, the Plaintiff, New Orleans ILA Pensioners Association, LLC, a Louisiana entity with its principal place of business in the Parish of Orleans, retained Defendants, Lorna Sills Katica, and the Katica Law Group, LCC, to represent it in connection with its pension fund and investment matters. In the course of the representation, the Plaintiff, at the recommendation of Defendants, intervened in litigation pending in the Eastern District Court of Louisiana captioned *Board of Trustees of the New Orleans Employers International Longshoremen's Association and P&O Ports Louisiana v. Gabriel, Roeder, Smith & Company, et al.* The case primarily involved issues under the Employee Retirement Income Security Act ("ERISA"). The Plaintiff alleges that during the course of representation the Defendants failed to comply with court rules which resulted in the Court dismissing the Plaintiff's claims. The Plaintiff also alleges that the Defendants failed to notify the Plaintiff of the dismissal yet continued to bill the Plaintiff as though the litigation was pending.

On March 4, 2008, the Plaintiff filed the instant suit in the Civil District Court for the Parish of Orleans asserting claims for breach of contract, breach of duty, and unfair trade practices against the Defendants, and seek damages not exceeding $74,000 from the Defendants. On April 11, 2008, the Defendants removed Plaintiff's case to this Court on the basis of both diversity and federal question jurisdiction. The Defendants deny liability and argue that they provided proper legal services and representation as evidenced by various exhibits on correspondence, memoranda, and pleadings.

The Plaintiff now moves to remand the case to the Civil District Court for the Parish of Orleans, State of Louisiana arguing that the instant case should be remanded to state court because, the damages do not rise to the requisite amount in controversy for federal diversity jurisdiction,[1] and no federal question jurisdiction exists because the claim involves state legal malpractice law. The Defendants oppose the motion arguing that the damages exceed the minimum necessary for federal diversity jurisdiction, and the suit involves ERISA and therefore federal question jurisdiction exists.

## II.  LAW & ANALYSIS

### A.   Diversity Jurisdiction

The Court finds that it lacks diversity jurisdiction over the instant case because the amount in controversy is less than the minimum requisite sum.

Under Louisiana law, plaintiffs may not claim a specific dollar amount of damages in their complaint. *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003). Therefore, in this Circuit, a defendant must prove by a preponderance of the evidence that the amount in

---

[1] The parties agree that diversity of citizenship exists for federal diversity jurisdiction.

controversy is sufficient to meet the statutory requirements. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). A defendant may satisfy its burden by either (1) demonstrating that it is 'facially apparent' that the claims are likely to be above $75,000," or (2) "setting forth facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support the finding of the requisite amount*." Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citation omitted).

The Defendants have not shown by a preponderance of the evidence that the amount in controversy actually exceeds $75,000 as required for diversity jurisdiction. The Defendants fail to meet their burden through both methods*:* (1) showing that it is facially apparent from the petition, or (2) by setting forth the facts in controversy.

First, it is not facially apparent from the facts set forth in Plaintiff's petition that the claims will or will not exceed $75,000. The petition merely sets forth the alleged inadequacies of the Defendant's representation which do not give rise to a specific monetary value. Further, the petition states the Plaintiff has not been provided with accounting by the Defendants so the exact cost of legal fees is unknown. Because the burden is on the Defendants to show that the amount in controversy meets the federal requirement and this is not facially apparent from the petition, the case cannot remain in federal court on such grounds.

Additionally, the Defendants fail to prove the requisite amount through the facts in controversy to keep the case in federal court. First, the Defendants argue that Plaintiff representative Ray Worthy wrote a letter (Rec. Doc. A-48) claiming the Defendants were paid $80,000 in legal fees. What the Defendants omit from this argument is that their own representative responded to that letter stating only $52,249.02 in legal fees were paid (Rec. Doc.

3

A52).  Further, in the Defendants' Civil Cover Sheet (Rec. Doc. 1-3) requesting removal to this Court, the Defendants listed $74,000 as the damages sought. The Defendants' own documents defeat their argument that the damages meet the $75,000 jurisdictional requirement.

Second, the Defendants claim that because the Plaintiff seeks recovery under both the Louisiana Unfair Trade Practices Act,  which provides treble damages, and state malpractice law involving a lawsuit claiming 10 million dollars in damages, the damages exceed the jurisdictional minimum.  However, merely putting forth a state law that might allow for recovery more than pled is insufficient.  *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 869 (5th Cir. 2002), *citing De Aguilar*, 47 F.3d at 1412.  The defendant must actually produce evidence that the amount in controversy exceeds the jurisdictional threshold.  *Id*.  The fact that Louisiana law may provide more damages than the Plaintiff has pled does not suffice as evidence of actual damages that meet the jurisdictional requirement.

Even if the Defendants had met the burden of showing the requisite amount in controversy, the Plaintiff could defeat removal by establishing with legal certainty that the claims are for less than $75,000.  *De Aguilar*, 47 F.3d at 1411-12.  Under *De Aguilar*, a plaintiff who wants to prevent removal must file, along with the complaint, a binding stipulation that the claim is for less than $75,000.  47 F.3d at 1412.  Because Louisiana plaintiffs are not limited to recovery of damages requested in their pleadings, such plaintiffs must also affirmatively renounce their right to accept a judgment in excess of $75,000 in order to defeat removal.  *Davis v. State Farm Fire & Cas*., 2006 WL 1581272 at *2 (E.D. La. June 7, 2006).

In the instant case, the Plaintiff has made a valid stipulation as to the amount in controversy in both the Petition for Damages (Rec. Doc. 1-2) and in the affidavit submitted by

the Plaintiff's manager (Rec. Doc. 1-2); therefore, remand is proper.  Paragraph XXIII of the Petition for Damages, states:

> Plaintiff specifically avers that its total damages, injuries, and losses sought in this action do not exceed $74,000.00, inclusive of the principle demand, interest, costs, fees, penalties, and any other sums.  Under no circumstances will plaintiff seek, demand or accept any compensation, award or payment in excess of $74,000.00.

The stipulation caps damages at $74,000, less than the requisite amount for federal jurisdiction.  Both the petition and affidavit were submitted before removal.  Further, the request for damages in both documents complies with Louisiana law which forbids a request for specific damages but allows a general request for jurisdictional reasons.  For the foregoing reasons the stipulation is valid; therefore, the Court lacks diversity jurisdiction.

### B.     Federal Question Jurisdiction

The Court finds that it lacks federal question jurisdiction over the instant case because the Plaintiff has not raised a federal law question in the pleadings nor does the resolution of the case involve a substantial question of federal law.

Federal courts are empowered to hear "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A cause of action arises under federal law only when plaintiff's well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law.  *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983).  The fact that a state court may be required to adjudicate a case in which there are related

issues requiring the construction of federal law does not automatically call for removal to federal court. *Chuska Energy Co. v. Mobile Exploration & Producing North America, Inc.*, 854 F.2d 727, 730 (5th Cir. 1988).

An earlier decision from this Court, *American Marine Holding Co. v. Milling, Benson, Woodward, Hillyer, Pierson & Miller*, 1994 WL 479204, *1 (E.D. La. Aug. 31, 1994), addressed whether federal question jurisdiction exists where a plaintiff files a state legal malpractice involving representation for a federal lawsuit. The court held it lacked jurisdiction over the legal malpractice action because, under the well-pleaded complaint rule, plaintiffs did not raise issues requiring the resolution of a substantial question of federal law, rather the federal law was mentioned in the complaint only because it was related to the state law action. *Id.*

In the instant case there is no basis for federal question jurisdiction. First, the Plaintiff did not include in the complaint any federal law claims. The only claims included in the complaint are breach of contract, breach of duty, and unfair trade practices which all arise under Louisiana state law. This is similar to the plaintiff in *American Marine* who filed only state law malpractice claims while the malpractice involved representation for a federal law claim and the court held it had no federal question jurisdiction under the well-pleaded complaint rule. Likewise, in the instant case because the plaintiff did not include in the complaint any federal law claims, federal jurisdiction does not follow.

Second, even if the plaintiff had included references to ERISA in the complaint, federal law is not the substantial question of the case, therefore; no federal question

jurisdiction exists.  The Defendants argue that ERISA is a substantial question of federal law the case is dependant upon because a legal malpractice action requires proving a "case within a case" and ERISA is at the heart of the underlying case (Rec. Doc. 12, p. 3).  However, the Defendants have overlooked the change in Louisiana legal malpractice law that occurred in *Jenkins v. St. Paul Fire & Marine Insurance Co.*, which rejected the "case within a case" approach.  422 So.2d 1109, 1110 (La. 1982).  *Jenkins* instead requires that the plaintiff first show (1) an attorney-client relationship existed, and (2) the attorney was negligent; then the burden shifts to the attorney to show that the client could not have succeeded on the original claim.  *Id*.  Under *Jenkins* the underlying ERISA case would not have to be fully litigated before the state court could consider the state law legal malpractice claims.

Further, the Plaintiff does not allege the malpractice involved insufficient knowledge or mistaken application of ERISA.  Rather the Plaintiff alleges the misconduct arose mostly from late filing, poor communication with the client, and over billing, none of which would require a state court to interpret ERISA in any depth.  Even if the state court was required to look at ERISA this is not sufficient to remove the case to federal court because under *Chuska Energy* state courts are allowed to consider federal issues related to state claims without requiring a remand to federal court.

## III.  CONCLUSION

Accordingly, Plaintiffs' Motion to Remand is GRANTED.  IT IS ORDERED that this matter is remanded to Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this 3rd day of July, 2008.

*Eldon E. Fallon*
UNITED STATES DISTRICT JUDGE